United States Courts
Southern District of Texas
F I L E D

MAR 2 5 2022    Appendix A
# HOU 108031
Nathan Ochsner, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
_____ DIVISION

INA BEALL                                        §
                                                 §
versus                                           §        CIVIL ACTION NO. 4:22cv0979
Houston Legal Dept                               §
City of Houston                                  §
900 Bagby, 4th Fl,                               §
Houston, Texas 77002                             §
                                                 §

## EMPLOYMENT DISCRIMINATION COMPLAINT

1.   This action is brought under Title VII of the Civil Rights Act of 1964 for employment

discrimination. Jurisdiction is conferred by Title 42 United States Code, Section § 2000e-5.

2.   The Plaintiff is:          INA BEALL

     Address:                   14430 Lorne Dr,

                                Houston, Texas 77049

     County of Residence:       Harris

3.   The defendant is:          City of Houston

     Address:                   900 Bagby, 4th Floor

                                Houston, Texas$ 77002

☐        Check here if there are additional defendants. List them on a separate sheet of paper with

         their complete addresses.

4.       The plaintiff has attached to this complaint a copy of the charges filed on _____

with the Equal Opportunity Commission.

5.       On the date of 6th August 2021, the plaintiff received a Notice of Right to Sue

letter issued by the Equal Employment Opportunity Commission; a copy is attached.

6. Because of the plaintiff's:

    (a) ☐ race

    (b) ☐ color

    (c) ☐ sex

    (d) ☐ religion

    (e) ☐ national orgin,

the defendant has:

    (a) ☐ failed to employ the plaintiff

    (b) ☐ terminated the plaintiff's employment

    (c) ☐ failed to promote the plaintiff

    (d) ☒ other: DisABility, Former Commander, Questioned Threatened Disparate in the workplace, harassment, favoritism, Retaliation, Criminal intentions by Internal Affairs Division

7. When and how the defendant has discriminated against the plaintiff:

It started at the Houston Police Dept by Rene Calderon. He displayed disparate in the workplace, favoritism, untruthfulness, harassment, intimidation

8. The plaintiff requests that the defendant be ordered:

    (a) ☐ to stop discriminating against the plaintiff

    (b) ☐ to employ the plaintiff

    (c) ☐ to re-employ the plaintiff

    (d) ☐ to promote the plaintiff

(e)  ☒  to   _Subpaena Internal Affairs Investigation Complaint with witness(es) Statements attached, Filed By Complaint_ and that;

(f)  ☑  the Court grant other relief, including injunctions, damages, costs and

attorney's fees.

_____
(Signature of Plaintiff)

Address:   _14430 Lorne Dr._
_Houston Texas_

Telephone:  _832-605-6928_

Appendix B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
_____ DIVISION

Ina Beall                                    §
                                             §
versus                                       §        CIVIL ACTION NO. _____
Houston Legal Dept,                          §
City of Houston                              §
900 Bagby, 4th Fl.                           §
Houston, Texas 77002                         §
                                             §

ORIGINAL COMPLAINT

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS



20220105-34

Ina  Beall
14430 Lorne Dr
Houston, Tx US 77049

CLERK OF COURT
P.O. BOX 61010
HOUSTON, TEXAS 77208
http://www.txs.uscourts.gov

---

Date: Wednesday, January 5, 2022
Case Number: 4:21-cv-03501
Document Number: 6 (5 pages)
Notice Number: 20220105-34
Notice: The attached order has been entered.

---

Ina Beall

Charge No.: 460202000383

Closure date: 6th August 2021

Address: 14430 Lorne Dr.

Houston, Texas 77049

Home/Cell. Phone: 832-605-6928

The court has jurisdiction because it resides in Harris County, Texas.

Ina Beall

Address: 14430 Lorne Dr.

Houston, Texas 77049

Home/Cell Phone: 832-605-6928

Charge No.: 460202000383

Closure Date: 6th August 2021

I am re-filing in the court after discovering I can't sue a department within an Entity but the entity itself, which is the City of Houston. Rene Calderon is in fact employed by the City of Houston as a Police Sergeant in the Houston Police Department.

The EEOC never explained this to me nor did the EEOC investigator assigned to my complaint.

Ina Beall

Address: 14430 Lorne Dr.

Houston, Texas 77049

Home/Cell Phone: 832-605-6928

Charge No.: 460202000383

Closure Date: 6th August 2021

I am filing this suit due to Rene Calderon, a Sergeant with the Houston Police Department violated my rights by not allowing me to do what was instructed by my physician due to my disability, displaying disparate in the workplace, harassment, favoritism, intimidation and retaliation.

I have endured this awful and terrifying ordeal from Rene Calderon from June 2015 to October 2019.

I adhere to the Houston Police Department General Orders, Policies and Procedures.

I have reported Rene Calderon actions on several occasions with several Lieutenants, my immediate Supervisor/Sergeant, the ERC representatives and ADR representatives.

I presented this information in my IAD complaint and to the investigating Sergeant, now Lieutenant and it do not appear the complaint was fully investigated due to being held in IAD Intake.

I also presented this information and I do not feel or it appeared they looked at all evidence or witness statements.

Ina Beall

Home Address: 14430 Lorne Dr.

Houston, Texas 77049

Home/Cell Phone No: 832-605-6928

I, Ina Beall is asking that the City of Houston pay all court, attorney and other fees that may occur during this lawsuit.   I have endured unethical and unfair treatments for years from Rene Calderon (Sergeant with the Houston Police Department).

Best Regards,

My Goal.....

1). Grandfather ALL dates of my Pension to receive entire amount at once during retirement.

2). For all I have endured from Rene Calderon (harassment, disparate in the workplace, intimidation, disability and retaliation, **General Order 300-11 page 3, 4 & 5**) and the cover-up by the Internal Affairs Division after I reported the truth and for my complaint NOT being investigated (but held in IAD Central Intake Office per **Sgt. Eaton** statement, which **was violated**), after ALL classified witnesses gave their sworn statements to the Sgt. Ramona Parnell (now Lt.) and for the Houston Police department (former Chief of Police Art Acevedo) not shielding (**General Order 300-11 page 9 & 10**) me from Rene Calderon. Due to being under the orders of former Chief of Police Art Acevedo to shield the truth by not letting me get a stamped copy of my complaint and of the Witnesses (**Classified Officers** and immediate **Sgt.**) statements, **I'm asking for a very large settlement amount**.

3). Remove written Reprimand from IAD file due to the department ALLOWED Rene Calderon-Sgt. to file complaint against me knowing the **General Order 300-11 page 5** was violated by him and the Internal Affairs Division due to I filed against him months before.

4). I'm asking Mayor Turner to request the Internal Affairs Complaint/Witnesses statements PN# 54513-2019 (filed against former Commander William McPherson-(questioned disability and threatened to move me), Sgt. Rene Calderon and Lt. David Simmons) to show what I reported, endured and the cover-up that occurred under the command of former Commander Morris of the Internal Affairs Division. Also it was a conflict of interest former Commander William McPherson Wife (Kristi McPherson) was assigned to the Internal Affairs Division at the time. I now suffer with anxiety, afraid each time I walk into the station, and now I take blood pressure medication due to being stress.

# CITY OF HOUSTON
### INTER OFFICE CORRESPONDENCE

TO:   Art Acevedo
      Chief of Police

FROM:   Walter Webb Sr Police Officer
        AirportDivision

DATE:   June 26,2019

SUBJECT:   **Complaint of**
           **Issue Record #54513**

I, Officer W.Webb, Employee #092148, am currently assigned to the Homeland Security Command, Airport Division, Shift II Late side.

On June 25 2019, I was ordered to submit this statement by Sergeant R.L.Parnell of the Internal Affairs Division. I submit to questioning at his order as a condition of employment. In view of possible job forfeiture, I have no alternative but to abide by this order.

It is my belief and understanding that the Department requires this interrogation solely and exclusively for internal purposes and will not release the results to any other agency. It is my further belief that the results of this interrogation will not and cannot be used against me in any subsequent proceedings other than disciplinary proceedings within the confines of the Department itself.

I'm currently assignment to Bush Airport evening shift late side 1500-2300hrs with Thursday/Friday off.

I was not present on May 1, 2019 during the meeting between Commander McPherson, Lt Simmons, and Ms Beal. I have no knowledge of what was discuss, nor the details.

I was not present when Commander McPherson advised Ms Beal about being moved if she can't perform her duties.

I have heard Commander McPherson stated in rollcall/ERC meeting that, if you are not happy at IAH or like the way the shift is ran I'll be happy to sign your transfer papers. Commander McPherson also stated this division is method b. I was not present during the meeting on May 1,2019 with the Commander McPherson and Ms Beal.

I have no knowledge on which issued were discuss regarding Ms Beal doctors note, nor her back issues.

I have no knowledge how Ms Beal felt after the meeting I wasn't present.

I did not hear the Commander state about PSO Beal not getting along with her co-workers. I was not present.

Page 2, Statement of XXXX, Issue # XXXXX-XXXX

I have heard Sgt Calderon say that PSO Justice have a lot of work to do and she can't help at the front desk.

I have seen Sr Pso Justice relieve other Pso's at front desk, but to be assign to the front desk, equipment room never.

I;'m not sure what duties she can't perform as a Sr Pso I don't work with her.

I have observed Sgt Calderon display favoritism, unfairness not personal, but in action he'll adjust the rollcall to accommodate officers that's has more time on and they are exempt from being mobile.

I have not observed any Pso's making officers mobile weeks at a time, however we may be mobile few days, due to shift manning.

I haven't observed Lt Simmons display favoritism or unfairness. I don't work with him

Sgt Calderon do not assign Sr Pso justice to work the front desk, nor the equipment room, only to relieve for lunch and during the holidays. I'm not sure why.

I'm not sure if Pso Justice is doing all of Sgt Calderon work, I have observed Pso Justice entering officers work cards, vacation request.

I did not hear Sgt Calderon tell others pos's that they have to relieve each other's, But I have heard Pso Justice say she always have a lot of work to do. I'm not sure what her duties are from other pso's.

I was not present when Pso Beal informed Sgt Calderon about her back issues.

I have no knowledge of Sgt Calderon allowing pso's to go on duty to take care of city business.

I have no knowledge of which officers drove pso's Mitchell/Justice to take care of city business.

I did not witness Sr Pso's Justice telling other officers that Pso Beal was not supposed to leave the staion,nor leave to take care of city business.

I did ask Officer Love about a special assignment. I and Officer Love were having a conversation about where he was going to have dinner I said Kindwood.No knowledge of Officer Love special assignment.

Sgt Calderon did call a meeting a few days later, regarding Officers complaining about their assignment. I can't recall the date it occurred on. The outcome was never address.

I wasn't upset just more disappointed, I can't speak for other officers. Not sure what special assignment the officers were on, but they do call out for dinner in kingwood. Not sure how Sgt Calderon select the officers.

I was present during this rollcall meeting with Lt Simmons and Sgt Calderon not sure what date this occur on.

Officers that was mobile was complaining about other officers that was mobile for no running calls for service and not answering the radio. I not sure which officers were complaining.

I have not personally observed Sgt Calderon leave early.
I respectfully request 48 hours notice of the time and location of any future meeting or hearing I am required or entitled to attend, including any interrogation, pursuant to the Texas Local Government Code Superscript 143.1014.

By this letter, I am providing notification of my intent to record all interrogations pursuant to the Texas Local Government Code 143.123(i).

For any and all other purposes, I hereby reserve my Constitutional right to remain silent under the FIFTH and FOURTEENTH AMENDMENTS to the UNITED STATES CONSTITUTION and any other rights PRESCRIBED by law. Further, I rely specifically upon the protection afforded me under the doctrines set forth in Garrity vs. New Jersey, 385 U.S. 493 (1967), and Spevack vs. Klein, 385 U.S. 511 (1956), should this statement be used for any other purpose of whatsoever kind or description.

Finally, although I have fully cooperated and answered all issues presented in this matter to the best of my ability as of the date of this statement, this incident occurred approximately (how many weeks) weeks ago. Therefore, I hereby reserve the right to supplement and/or amend this statement should additional facts be brought to my attention through further investigation, subsequent reflection on the matter, because of an honest defect in perception of the event(s), or the common foibles of human memory.

Name, Rank
Division

@/@

# CITY OF HOUSTON
INTER OFFICE CORRESPONDENCE

TO:    W. Webb, Police Officer                    FROM:    R. L. Parnell, Sergeant
       Airport-(IAH) Division                              Internal Affairs Division

                                                  DATE:    June 25, 2019

                                                  SUBJECT:    **Complaint of Ina L. Beall**
                                                              **Issue Record #54513-2019**


## CONFIDENTIAL DOCUMENTS WARNING

These and any other documents pertaining to this incident are released under the above listed Issue Record Number and are not authorized to be copied and/or distributed. These documents are confidential and subject to State Civil Service Law and "Attorney Work Product" protection. It is intended only for the individual officer's use in the above referenced IAD investigation. All parties are hereby notified that any dissemination, distribution, copying, or use of or reliance upon the information contained in this document by or to anyone other than recipient and/or his/her attorney in the above referenced IAD case, is unauthorized and strictly prohibited by law and department policy.

You are hereby ordered by the Chief of Police not to discuss the investigation with anyone except your legal representative, and you are further ordered not to distribute, review and/or share administrative statements with anyone other than your attorney.

Failure by an HPD employee to abide by these directions will result in disciplinary action up to and including an indefinite suspension. Illegal dissemination by non-employees will result in prosecution to the fullest extent allowed by law.

*Your signed statement in response to an internal investigation indicates that you have reviewed General Order 200-08 and understand that any response you give or statement you make (written or verbal; made directly or authorized by me) must be completely truthful. Any false, untrue or misleading statement, or any omission that intentionally, knowingly, or recklessly misrepresents facts or misleads others will result in a sustained violation of department policy and may result in discipline up to and including indefinite suspension.*

*In addition, your signed statement in response to an internal investigation acknowledges that the statement has been prepared by you or at your direction and that you approve of the statement's content.*

**This warning applies to all documents that have been provided to you and by initialing each page of this document you are acknowledging the receipt of this warning.**

Initials W.W

## OFFICER NOTIFICATION

RE:    Complainant:      Ina L. Beall
       Allegation:       Conduct and Behavior
       Issue Record #    54513-2019

A complaint has been received by the Internal Affairs Division regarding an incident in which you were alleged to have been involved. The complaint is classified as a Class I. The allegation is for "**Conduct and Behavior**" for **Commander William McPherson**, employee #101572, **Lieutenant David Simmons**, employee #78385, and **Sergeant Rene Calderon**, employee #89429, all assigned to the Homeland Security Command, Airport-IAH Division. The complainant is alleging that she is a victim of disparate treatment. Complainant alleges that she is being treated different than others assigned to the division. Complainant alleges that her issues with Sergeant Calderon go back to July 2016, but the issue with Commander and Lieutenant just recently occurred during a meeting on May 1, 2019.

## DOCUMENTATION

The following documentation is included with this letter for your reference:

1. Copy of Issue Record Form.
2. Copy of PSO Ina Beall's Sworn Affidavit dated May 9, 2019.
3. Copy of PSO Ina Beall's Employee Sworn Statement dated June 18, 2019.
4. Copy of 48-Hour Notice.

## HOW TO WRITE YOUR ADMINISTRATIVE STATEMENT

As you write your administrative letter, you must address the allegations in detail. I have listed some areas that must be addressed. Additionally, note any fact that you feel needs to be addressed in this investigation.

In your administrative statement give your first name, middle initial, last name and employee number, along with your assignment, shift and unit number on the date of the incident.

Do not answer questions with only "Yes" or "No." Your administrative letter must be responded to in a first person, detailed narrative form. If you are alleged to have witnessed something (seen or heard) and you attempt to excuse yourself by stating, "I did not see it," or "I did not hear it," you must then explain why you did not see or hear what you have been questioned about. If you were not present during the specific time the alleged incident occurred then state where you were and what you were doing at that specific time. If the allegation did not happen then simply state that it (whatever the allegation was) did not happen.

In addition to the questions listed below, you are hereby instructed to provide the department ALL information that you may have in connection with this Internal Affairs Division investigation, including ALL information that may be directly or indirectly related to the allegations, or related to any persons involved, be it complainants, witnesses or target employees.

Initials _W.W_

It is NOT up to you to make a decision/determination on whether you think the information will have a bearing on the outcome of this investigation. Regardless of your view/perception about the importance of the information, you are instructed to provide the information in writing along with your response(s) to the below listed questions. Should you become aware of any information as described above at any time AFTER your questioning by Internal Affairs Division investigators, even if the investigation has been concluded, you are instructed to immediately provide this information in writing to the Internal Affairs investigator assigned to investigate this matter, or to a supervisor in your chain of command if you cannot contact the IAD investigator.

**Be prepared to discuss all aspects of your involvement when you submit your statement.**

## AREAS THAT MUST BE ADDRESSED IN YOUR ADMINISTRATIVE STATEMENT

What is your current assignment. List your shift and duty hours.

Were you present during a meeting on May 1, 2019, between Lt. Simmons, Commander McPherson and Ms. Beall? If so, what was the purpose of this meeting? Was it an ERC meeting? Explain in detail.

- Did Commander McPherson advise Mrs. Beall that she would be moved since she cannot perform her job duties? If so, which job duties were Commander McPherson referring to that Ms. Beall could not perform? What was Ms. Beall's response? Explain in detail.

- Does Commander McPherson say after every ERC meeting "If you don't like how the shift is ran or your assignments, I'll sign your transfer paper, and everyone is here by method B"? Did you hear Commander McPherson state this to Ms. Beall during this meeting on May 1, 2019? If Commander McPherson said this, why did he say this? Explain in detail.

- Which ERC issues did Commander McPherson or PSO Beall bring up during this meeting? Were any issues discussed regarding PSO Beall's doctor note or regarding her back issues? If so, detail the conversation and provide any documentation related to this ERC meeting.

- Did PSO Beall communicate that she felt threatened, intimidated, or scared during or after this meeting? If so, who did she communicate this to? Do you have knowledge of why she felt threatened intimidated, or scared? Explain in detail.

- Did Commander McPherson tell PSO Beall he heard about PSO Beall not getting along with her co-workers? If so, what was PSO Beall's response?

Initials W.W

In Ms. Beall's Sworn Affidavit dated June 18, 2019, she stated "Sgt. Calderon did not allow Sr. P.S.O. Tracy Justice payroll 093481 to work the front desk, relieve the front desk, or work the Equipment room. Sgt. Calderon would say, Tracy have too much work to do and for us to relieve each other. Sgt. Calderon only allowed her to relieve the other Sr. P.S.O.'s for lunch. If we called her to relieve us, she would say she have too much work to do and go to Sgt. Calderon."

- Did Sergeant Calderon not allow Sr. PSO Tracy Justice to work the front desk, relieve the front desk, or work the equipment room? If so, why?

- Did Sergeant Calderon only allow Sr. PSO Tracy Justice to only relieve other Sr. PSOs? If so, why?

- As alleged by PSO Beall, do all of the other Sr. Police Officers except for Sr. PSO Justice perform all the duties in the classification such as front desk duties, writing reports, and working closely with co-workers and relieving the person assigned to the desk for breaks? Which duties does Sr. PSO Justice not perform? Explain in detail.

In Ms. Beall's Sworn Affidavit dated May 9, 2019, she stated "Sgt Calderon have been displaying favoritism, unfairness in the workplace and unfair workload distribution in the workplace since July 2016 but now its worse. He allows a Sr. P.S.O. and 2 classified officers to do all the work. The Sr. P.S.O. also does the schedules and if she have a problem with a officer, she'll make sure that Officer is mobile for the week and can't do anything but except it.

- Have you observed Sergeant Calderon displaying favoritism, unfairness in the workplace and (unfair) workload distribution in the workplace? Provide specific examples, dates, times, locations, and who was involved and explain in detail.

- Have you observed any Sr. PSO's make the schedules and then put an officer mobile for the week if there is a problem with the officer? If so, which PSO's made the schedule and which officers did they put as mobile? Which date and time did this occur and why? Explain in detail.

- Have you observed Lieutenant Simmons to display favoritism, unfairness in the workplace, or have unfair workload distribution? If so, when did this occur? Provide specific examples, dates, times, locations, and who was involved and explain in detail.

- Did Sergeant Calderon not allow Sr. PSO Tracy Justice to work the front desk, relieve the front desk, or work the equipment room except for when it was time to be relieved for work or for lunch or on holidays? If so, do you know the reason why? Explain in detail.

PSO Beall alleged in her Employee Sworn Affidavit dated June 18, 2019 Sr. P.S.O. Tracy

Initials

Justice has been doing all of Sgt. Calderon's work (schedules, vacation requests, entering and tracking the work cards).

- Has PSO Justice been doing all of Sergeant Calderon's work? If so, why? What type of work was she doing for Sergeant Calderon? Explain in detail.

- Have you heard Sergeant Calderon tell other PSO's to relieve each other because PSO Justice has too much work to do? Are PSO Justice's work duties different than the other PSO's assigned to her shift? Explain in detail.

Were you present when PSO Beall informed Sergeant Calderon about her back issues? If so, when did this occur? What was Sergeant Calderon's response?

As alleged by Ms. Beall in her Employee Sworn Statement dated June 18, 2019, she stated "Sgt. Calderon allowed Sr. P.S.O. Mitchell and Sr. P.S.O. Justice to go on duty to take care of City business. I do not know the names of the officers who drove them to take care of City business. Sr. P.S.O.Mitchell has driven herself in the past in unmarked city vehicle in the past."

- Have you observed Sergeant Calderon allow PSO Mitchell and PSO Justice to go on duty to take care of city business but not allow PSO Beall to take care of city business on duty? If so, when?

- Do you know which officers drove PSO Mitchell and PSO Justice to take care of city business? Did you drive any of the PSO's to take care of city business? If so, who?

- Did you witness Sr. PSO Justice tell any officers that PSO Beall was not supposed to leave the station when she left the station to take care of any business? Explain in detail.

As alleged by PSO Beall in her Employee Sworn Affidavit dated June 18, 2019, she stated "Myself, Sr. Police Officers G. Love payroll #115370 and W.Webb payroll #092148 were in the roll call room April/May 2018, (not sure of months), When Officer Webb made a statement to Officer Love about the special assignment in Kingwood. Shortly after Sgt. Calderon walked into the roll call. Officer Love asked Officer Webb, What was you saying about the special assignment in Kingwood when Sgt. Calderon was present. Officer Webb said I can repeat myself and asked again about the special assignment in Kingwood. Sgt. Calderon just walked out the roll call room without saying a word. Officer Love was one of the officers on special assignment in Kingwood from the conversation between him and officer Webb. Yes, Sgt. Calderon called a meeting a day or 2 later after unknown name officer(s) went to speak to Sgt. Seributra about the officers being on special assignment and not answering their calls."

- Did you ask Officer Love about a special assignment he was on sometime in April

Initials W.W.

or May of 2018? If so, why? Detail the conversation. What special assignment was Officer Love on?

- Did Sergeant Calderon call a meeting a few days later? If so, what was this meeting about? On what day did this meeting occur? What was the outcome of this meeting? Explain in detail.

- Were you or other officers upset because some officers have been placed on special assignment and not running calls or answering radio? What special assignment in Kingwood were the officers on? How did Sergeant Calderon select officers to be on a special assignment? Explain in detail.

As alleged by PSO Beall in her Employee Sworn Affidavit dated June 18, 2019, she stated "The meeting Sgt. Calderon called in roll call with Lt. Simmons present, he stated the officers were complaining about their assignments, which they wasn't."

- Were you present during this roll call meeting with Lt. Simmons and Sergeant Calderon? If so, what date did this occur?

- Were officers complaining about their assignments or about other officers being put out on special assignment? Which specific officers were complaining and what were they complaining about? Explain in detail.

As alleged by PSO Beall in her Employee Sworn Affidavit dated June 18, 2019, she stated "Sgt. Calderon have been leaving early since Feb/2017 to present and haven't always burned time."

- Have you personally observed Sergeant Calderon leave early without burning time? If so, what date did this occur? How did you determine that he did not burn time? Explain in detail.

**COMPLETE THE FOLLOWING:**

Home Ph: 281-580-1254    Work Ph: 281-230-6800   Cell/Pager: 713-213-7923

Days Off Thurl Fri    Shift Hrs. 11 / 1500 to 2300

Initials W.H.

At the time of your next appointment, be prepared to discuss not only the above specific questions, but any and all questions that are related to this event. The investigation of this complaint will be conducted by Sergeant R. L. Parnell of the Internal Affairs Division, 1200 Travis Suite 2001, Houston, Texas 77002, phone 713-308-8951. Please refer to the above listed Issue Record Number in all future contacts regarding this complaint.

R. L. Parnell, Sergeant
Internal Affairs Division

rlp/rlp

IAD

Initials



EXHIBIT
3

## Houston Police Department
## EMPLOYEE SWORN AFFIDAVIT

STATE OF TEXAS
COUNTY OF HARRIS

DATE: June 18, 2019
TIME: /629  Hours

Statement of Person Under Oath

BEFORE ME, the undersigned authority, personally appeared Ina L. Beall, who upon being duly sworn, deposed and stated as follows:

My name is Ina L. Beall.  I am 52 years of age, and my date of birth is 09/02/1966.  My employee number is 096918 and I have been employed with the city of Houston for approximately ⅔5   years.  I am assigned to the Houston Police Department, Airport-IAH Division, as a Senior Police Service Officer.  My work number is 281-230-6800.  The facts stated herein are true and correct, except those stated on information and belief, to the best of my knowledge.

I submit the following statement under orders from Sergeant R. L. Parnell of the Houston Police Department, as a condition of my employment.  I understand that the department requires this statement solely and exclusively for internal purposes.  It is my further belief that this statement will not and cannot be used against me in any subsequent proceedings other than a disciplinary action.  For any and all other purposes, I hereby reserve my right to remain silent under the Fifth and Fourteenth Amendments to the United States Constitution and any other rights prescribed by law.  Further, I rely specifically upon the protection afforded me under the doctrines set forth in Garrity vs. New Jersey, 385 U. S. 493 (1967), and Spevack vs. Klein, 385 U. S. 551 (1956), should this statement be used for any purposes of whatsoever kind or description.

On June 13, 2019 at 1723 hours, Sgt. R.L. Parnell issued me my 48 hour notice regarding additional questions to be addressed in the complaint.

Sgt. R. Calderon payroll 089429 has been displaying favoritism, unfairness in the workplace and workload distribution unofficial (before filing official ERC issue) back in February/March 2015 shortly after taking the position of Desk Sgt.

Sgt. Calderon did not allow Sr. P.S.O. Tracy Justice payroll 093481 to work the front desk, relieve the front desk, or work the Equipment room.  Sgt. Calderon would say, Tracy have too much work to do and for us to relieve each other.  Sgt. Calderon only allowed her to relieve the other Sr. P.S.O.'s for lunch.  If we called her to relieve us, she would say she have too much work to do and go to Sgt. Calderon.

After Sr. P.S.O. David Cameron left now at Clearlake, that left Myself and Sr. P.S.O.s F. Mitchell payroll 098593 and T. Justice payroll 093481.

Houston Police Department:
Internal Affairs Division

Date Printed: 06/18/19

Page 1 of 7 Pages

Initials: _LB_  Date: 6/18/19

Myself and Sr. P.S.O. F Mitchell had to relieve one another.

Sr. P.S.O. T. Justice would only work the equipment room on a holiday after knocking the Sr. P.S.O. out of his or her regular assignment (equipment room). Just recently Sr. P.S.O. T. Justice has been working the equipment room due to the other Sr. P.S.O.s have been on vacation. On Mondays and Tuesdays I'm assigned to the equipment room, since the other Sr. P.S.O.s was on vacation, she did not work the front desk, Sgt. R. Calderon had her assign a classified officer to desk on those days. She only allowed to assist in relieving the desk. When Sr. P.S.O. Justice worked the equipment room on Wednesdays and Thursdays while the other Sr. P.S.O.s was on vacation, I worked the front desk all day.

Sr. P.S.O. Tracy Justice have been doing all of Sgt. R. Calderon work (schedules, vacation requests, entering and tracking work cards (which Sr. P.S.O. Justice took upon herself to do), All Sr. P.S.O.s who was assigned to the front desk entered work cards, and track officers time cards.

Now the are (3) employees doing the schedule (Sr. P.S.O. Tracy Justice payroll 093481, Sr. Police Officer Christopher Thomas payroll 097613 and Sr. Police Officer Alan Briley payroll 098422).

Sgt. Calderon would tell us again to relieve each other because Tracy have too much work to do. Shortly after Sgt. Calderon took the duties of Desk Sgt., he did my HEAR evaluation on July 5, 2015. Sgt. Calderon did not know my work ethics at all. So Sgt. Calderon copied and paste my HEAR evaluation from my previous Sgt. (A. Vidaurri) now retired.

I refused to sign my HEAR and soon after asked for a meeting with now retired Lt. Bruce Evans. I stated to Lt. Evans Sgt. Calderon have not been my Sgt. long enough to put something. Like that in my HEAR. Lt. Evans stated since it was already
In the comments, it could not be removed.

I thanked the Lt and returned to the front desk and typed my statement (rebuttal) to my HEAR on July 5, 2015.

It states, Sgt. R. Calderon statement is solely based on my previous Supervisor Intervention July/2014, which have since then been removed from my file.

Since Sgt. R. Calderon became my supervisor, I've been nothing but professional and respectful to Sr. P.S.O.T. Justice and the rest of my co workers from civilian to classified. I do not go into the Sgt office and complain on any of my co workers on 2nd shift. I only go into the Sgt. Office on work related issues.

Since Sgt. Calderon became our (myself and Sr.P.S.O.Justice) supervisor, Sr. P.S.O. T. Justice went to the Sgt on several occasions in the past and made false accusations against me, and after the Sgt. Spoke to her, she retracted her statement she made and apologized to me in front of the Sgt and I respectfully and professionally accepted her apology.

Initials: _I B_ Date: _6 / 18 / 19_

I am a pleasant, polite, courteous, professional, cooperative team-oriented, go the extra mile, if not more to each and every co-worker from civilian to classified everyday job related issues.

In the job classification of Senior Police Service Officer, it does not state I have to be friend(s) with any of my co-workers (civilian or classified).

I believe Sgt. R. Calderon made these statements due to me not interacting with Sr. P.S.O.T. Justice outside of work related issues.

Each. And every time my co-workers from civilian to classified needed my help on job related issue, I was more than happy to assist.

I complete every aspect of my duties and some as a Sr. P.S.O. under the job classification. I complete my work with little to no supervision.

All Sr. Police Service Officers with the exception of Sr. Police Service Officer T. Justice on shift perform all the duties in the classification which consist of front desk duties (answering phones, assisting the public, H.A.S. employees and other law enforcement agencies in and out of the airport, writing of reports, working closely with co-workers and relieving the person assigned to the desk for his or her break(s).

The equipment room duties are: issuing of equipment to employees, answering phones, inventory of equipment room and vehicles in lot, update CAD system, assist officer(s) entering tow slips in RMS/ARS system, enter equipment in PRE system and entering the Daily Assignment Sheet in the CAD system for the following day weekly.

On Friday, July 3, 2015 while working the equipment room on day shift (0500-1300), I went to print out the Daily Assignment Sheet to enter day shift assignments in the CAD system for the next day, and discovered my access was taken away with no explanation. By not having access to the Daily Assignment Sheet, I can not complete that aspect of my duties. All other Sr. P.S.O.'s on shift have access to the Daily Assignment Sheets.

My previous supervisor (set. A Vidaurri) received a commendation letter from my professionalism with another agency (ADA) over a year ago.

I have represented the Houston Police Department for over 20 years with my professionalism, experience, people skills, and respect I have for others.

Now retired Sgt. A. Vidaurri placed that statement in my file after having a meeting ordering with myself and the other Sr.P.S.O. David Cameron (now assigned to Clearlake), to be more social with Sr. P.S.O.Justice. Sgt. Calderon have also made the same statement.

I stated to retired Sgt. Vidaurri and now Desk Sgt. R. Calderon every time my co workers need my help from a civilian to classified employee on job related issues, I am more than happy to

Houston Police Department:
Internal Affairs Division

Date Printed: 06/18/19

Page 3 of 7 Pages

Initials: _T.B._   Date: _6/18/19_

assist.

I discovered evening shift Sr. P.S.O. F. Mitchell payroll #098593 access was also taken away. Sgt. Calderon had our access taken away to we could go to Sr. P.S.O. Justice to get copies of the Daily Assignment Sheets each day.

I discovered on July 23, 2015 after being served a 48 hour notice (ISSUE RECORD # 48094-2015) from Sgt. A.W. Sanford (now retired) that Sr. P.S.O. Felicia Mitchell had filed a IAD complaint. I informed Sgt. Sanford that our (myself and Sr. P.S.O. Mitchell) access was taken away by Sgt. R. Calderon. Sgt. Sanford stated you can't do your job without access. Sgt. Sanford informed us that we would have our access back the next day and we did.

I was in the process of filing a official ERC complaint with Officer J. Butler payroll #136355 but after discovering the IAD complaint, I decided not to.

Officer Alan Briley payroll #098422 stated back in 2018 he have medical issues and since then he have not been assigned to be mobile (patrol outside of airport) or work other terminals (Terminals D, E and FIS). No, I do not know his medical condition or if he presented a doctor's note.

Sergeants G. Brillon payroll #081380, P. Seributra payroll #119705, and D. Garcia payroll #093919 are fair. The Desk Sgt. Is R. Calderon payroll #089429.

Myself, Sr. Police Officers G. Love payroll #115370 and W.Webb payroll #092148 were in the roll call room April/May 2018, (not sure of months). When Officer Webb made a statement to Officer Love about the special assignment in Kingwood. Shortly after Sgt. Calderon walked into the roll call. Officer Love asked Officer Webb, What was you saying about the special assignment in Kingwood when Sgt. Calderon was present. Officer Webb said I can repeat myself and asked again about the special assignment in Kingwood. Sgt. Calderon just walked out the roll call room without saying a word. Officer Love was one of the officers on special assignment in Kingwood from the conversation between him and officer Webb.

Yes, Sgt. Calderon called a meeting a day or 2 later after unknown name officer(s) went to speak to Sgt. Seributra about the officers being on special assignment and not answering their calls.

The meeting Sgt. Calderon called in roll call with Lt. Simmons present, he stated the officers were complaining about their assignments, which they wasn't. Days later, I had a meeting with Lt. Simmons with my supervisor, Sgt. Seributra present.

The meeting was about Sgt. Calderon doing the same thing over and over again, not being fair in workload distribution, unfairness in the work- place and favoritism. Sr. P.S.O. T. Justice have too much work to do. I also stated to Lt. Simmons in the meeting, that. Sgt. Calderon called that bogus meeting because he knew the officers were complaining about him keeping the other officers on special assignment.

Sgt. Calderon have been leaving early since Feb/2017 to present and haven't always burned time.

Sgt. Calderon and Lt. Simmons allowed Sr. P.S.O. Justice to put herself on schedule back in 2017 November/December to work overtime (not the front desk or equipment room) when myself, Sr. P.S.O. Mitchell and Sr. Police Officer W. Webb saw her in the hallway near the booking office. This was on a Saturday (when I was working traffic).

When there was overtime on a Saturday (my off day), I learned Sgt. Calderon allowed Sr. P.S.O. Justice to work them but when I asked to work, he would tell me he had enough officers to work the desk. After that I would send a email about being available on Friday/Saturday.

Sgt. Calderon would go to Officer A. Forch (Admin Officer) and ask for a copy of overtime list to see how many hours I worked. He asked for a copy of the overtime list recently (May 2019), after he misread the email I sent him.

Officer Forch explained to him and Sr. P.S.O. Justice working overtime traffic is from a different budget and shift overtime is from a different budget. I only had 6 hours of shift overtime and Sr.P.S.O.Justice had over 20 hours, but she put herself on schedule to work the 1st Saturday (May 11, 2019) and she informed me I would by working May 18th. I stated to her Sgt. Calderon said I can work on May 24th as well and I can leave after I was done with the equipment room since it was my off day but she placed herself on the schedule. I did not say a word. The other Saturdays in May, I was on vacation.

My immediate Supervisor is Sgt. P. Seributra payroll #119705 and I am assigned to him.

Sgt. Calderon allowed Sr. P.S.O. Mitchell and Sr. P.S.O. Justice to go on duty to take care of City business. I do not know the names of the officers who drove them to take care of City business. Sr. P.S.O.Mitchell has driven herself in the past in unmarked city vehicle in the past.

Since Sgt. Calderon is the Desk Sgt. I would ask him about going downtown to take care of City business and he would say, we short. After he said that to me a few times, I start going on some Fridays, when I didn't want to get up early during the week.

A Sgt. (Unknown name) and a officer (unknown name) stated to me she came up to them complaining about me leaving the desk to go look for this elderly passenger after speaking with the elderly lady worried daughter. I GB'd the description of the elderly lady over the air and asked for the terminal units to call me if she's located. The officers responded, stating they did not find her. I called Sr.P.S.O. Justice and asked her to come to desk while I go upstairs to look for the elderly lady.

I went to gate B-21 and found the elderly lady sitting in a chair. I called her daughter from my cell phone and brought the elderly lady downstairs to the police department, where her granddaughter picked her up later that night from the station.

Houston Police Department:
Internal Affairs Division

Date Printed: 06/18/19

Page 5 of 7 Pages

Initials: FB   Date: 6/18/19

The unnamed Sgt. and the unnamed officer told me this in confidence and I promised not to say a word to anyone about it and I am a woman of my word. The unnamed Sgt. came to me after I located the elderly lady and said great job, along with the other officers over the radio.

They know how I help Sr. P.S.O.Justice with her reports, I even enter them and would include her name in report and helped her in equipment room when she needed me.

I went to Sgt. Calderon and stated no matter how I try to be a good co worker to Tracy, she'll never change. I stated to Sgt. She's going to have to do her own reports for now on and walked out.

I never witnessed Sr.P.S.O. Justice telling the officers I am not supposed to leave the desk.

I am addressing the statement I read about me filing my ERC Issue with Officer J. Butler payroll #136355. My ERC complaint was about favoritism, workload distribution, unfairness and hostile work environment, not about my back. But Sgt. Calderon have been knowing about m back due to me telling him sitting long periods of time triggers it and I needed to go do my back exercises. He had no problem with me until I asked about Sr. P.S.O. Justice splitting the desk (4 hours on, 4 hours off).

I also stated to Sgt. Calderon if you need a doctor statement, my doctor will give me one, his words, I don't need it.

Finally, although I have fully cooperated and answered all issues presented in this matter to the best of my ability as of the date of this statement, this incident occurred 3 years ago. Therefore, I hereby reserve the right to supplement and/or amend this statement should additional facts be brought to my attention through further investigation, subsequent reflection on the matter, because of an honest defect in the perception of the event(s), or the common foibles of human memory.

Issue Record #54543-2019                          Incident #_____

I have completed <u>15</u> years of school and can read and write the English Language.  I have read this statement in its entirety and certify that it is correct and true to the best of my knowledge.

_____

(Signature of Affiant)

I, _Ramona Parnell_____, am a Texas Peace Officer, as described in Article 2.12, of the Texas Code of Criminal Procedure, engaged in the performance of my duties and the administration of the oath is related to my duties.

Peace Officer Signature: _Ramona Parnell_____

*(NOTE:  A typed or hand-written statement may be attached in lieu of section 8 of this document. However, the document must be dated and signed in the presence of a Notary Public or a Texas Peace Officer).  All pages of the statement must be dated and initialed.*

# ◢◣ Gmail

ina beall <ibeall1@gmail.com>

## [Records Center] Police Department Public Information :: P011520-042921

1 message

**Houston Public Information Request Center** <houstontx@govqa.us>     Thu, May 13, 2021 at 11:16 AM
To: "ibeall1@gmail.com" <ibeall1@gmail.com>

--- Please respond above this line ---



RE: PUBLIC RECORDS REQUEST of April 29, 2021, Reference # P011520-042921.

Dear Ina Beall,

The Houston Police Department received a public information request from you on April 29, 2021. Your request mentioned:

"Issue Record #54513-2019, filed May 9, 2019
Person filed complaint: Sr. P.S.O. Ina Beall, Payroll 096918

Requesting copies of complaint filed and all witnesses statements that were named in complaint."

**\*\*\*\*\*AG RULING – NOT RELEASING INFO ->** The Houston Police Department has reviewed its file and we are seeking a ruling from the Office of the Attorney General. Please login to the Houston Public Information Request Center to view your copy of your letter that was sent to the Office of the Attorney General. Also, please allow 45 to 60 business days for a response from the Office of the Attorney General via U.S. mail.

Please log in to the Houston Public Information Request Center at the following link to retrieve the appropriate responsive documents.

Police Department Public Information - P011520-042921

If you have any questions, or wish to discuss this further, please contact me at 713-308-9183.

Sincerely,

Kimberly Coyle
Administrative Supervisor
Houston Police Department (HPD)
Office of Planning & Data Governance
Open Records Unit

To monitor the progress or update this request please log into the Houston Public Information Request Center

Powered by

GovQA

EEOC Form 161 (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Ina L. Beall
14430 Lorne Dr
Houston, TX 77049

From: Houston District Office
Mickey Leland Building
1919 Smith Street, 7th Floor
Houston, TX 77002

|  | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |
| --- | --- |

| EEOC Charge No. | EEOC Representative | Telephone No. |
| --- | --- | --- |
| 460-2020-00383 | Araceli Castillo, Investigator | (346) 327-7721 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_Araceli M. Castillo_ For          08/06/2021

Rayford O. Irvin,
District Director

*(Date Issued)*

Enclosures(s)

cc:
Don Fleming
Section Chief, Labor, Employment & Civil Rights
CITY OF HOUSTON
900 Bagby, 3rd Floor
Houston, TX 77002

Lowell Keig, Executive Director
TWC-Civil Rights Division
101 East 15th Street, Room 144-T
Austin, TX 78778-0001

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act<br>Statement and other information before completing this form. | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| | ☐ FEPA | |
| | ☒ EEOC | 460-2020-00383 |

| Texas Workforce Commission Civil Rights Division | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)*<br>**Ms. Ina L. Beall** | Home Phone *(Incl. Area Code)*<br>**(832) 605-6928** | Date of Birth |
|---|---|---|

| Street Address<br>**14430 Lorne Dr, Houston, TX 77049** | City, State and ZIP Code |
|---|---|

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br>**CITY OF HOUSTON** | No. Employees, Members<br>**500 or More** | Phone No. *(Include Area Code)* |
|---|---|---|
| Street Address<br>**1200 Travis St, Houston, TX 77002** | City, State and ZIP Code | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| Street Address | City, State and ZIP Code | |

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN | Earliest **06-30-2015**   Latest **10-20-2019** |
| ☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION | |
| ☐ OTHER *(Specify)* | ☒ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I. On or around June 30, 2015, my new Desk Sergeant began subjecting me to a hostile work environment. Respondent is a city. I work as Senior Police Service Officer in their Police Department.

II. Rene Calderon, Desk Sergeant, a Hispanic male, mistreated me by not allowing me to take care of city business on city time, refused to make corrections to my hours worked in KRONIOS, refusing to assign me overtime, etc. In 2017, he began giving me a hard time about my disability by refusing the accommodation of being allowed to get up every 2-3 hours to alleviate pain as had been granted to me by FMLA. On May 9, 2019, I filed an IAD complaint against Calderon in which I also mentioned that he was not accommodating my disability. On October 4, 2019, ADR was unable to help me as they stated that my IAD complaint against Calderon was still pending. However, on October 20, 2019, I received a letter from IAD stating that Calderon had filed a complaint against me for conduct, behavior, and insubordination. I believe that Calderon is retaliating against me for complaining about disability discrimination.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Oct 25, 2019**<br>Date          *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 460-2020-00383 |

| Texas Workforce Commission Civil Rights Division | and EEOC |
|---|---|
| State or local Agency, if any | |

III. I believe that I have been discriminated against because of my disability, and retaliated against, in violation of the Americans with Disabilities Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Oct 25, 2019**<br>Date      Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

RECEIVED



Date Received by OIG: _____  JAN 10 2020

Control No. **1112000008**    OFFICE OF THE
INSPECTOR GENERAL

# COMPLAINT OF EMPLOYEE MISCONDUCT

I hereby submit this Complaint of Employee Misconduct to the Office of the Inspector General of the City of Houston. I have read City of Houston Executive Order No. 1-39 ("E.O. 1-39") in its entirety. (A copy of E. O. 1-39 may be viewed at http://www.houstontx.gov/execorders.html.) Employee Misconduct is defined below[1].
**YOU MUST CHECK THE APPROPRIATE BOX(ES) BELOW:**

Violation of Law ☐   FMLA ☐   Fraud/Waste/Abuse ☐   Other Violation ☑
Discrimination/Harassment: Race ☐   National Origin ☐   Sex(Gender) ☐   Sexual Harassment ☐
Age (40+)☐   Religion ☐   Sexual Orientation ☐   Gender Identity ☐   Disability ☑   Other Protected Class ☐
Retaliation for Prior Protected-Class Complaint ☑ Date of Prior Complaint _____ Date of incident(s) _____

The name(s) of the person(s) (with their respective City Departments in parentheses) who appear to have engaged or to be engaging in "employee misconduct" are as follows:
(Commander. W. McPherson)(LT. David Simmons)(SGT Rene Calderon
(SR, P.S.O. F. Mitchell)

I AFFIRM that all facts and circumstances stated here are true and correct, to the best of my knowledge. I understand false statements may constitute perjury and/or misconduct.

Have you filed a grievance/ECRP concerning this complaint? No

_Ina Bean_    INA BEALL
Signature of Complainant    Printed Name of Complainant/Employee #

**PLEASE PROVIDE THE FOLLOWING CONTACT INFORMATION:**

Best Time and Days to Contact me: Any

Best Telephone Number to Contact me: 832-605-6928

Home Address: 14430 Lorne Dr. Houston Tx 77049

Cell Telephone: 832-605-6928

Daytime Telephone: 832-605-6928

Evening Telephone: 713-391-4843

Home and City Email Addresses: IBEALL1@Gmail.com / Ina.Bealle@Houston Police. org

If I am a City of Houston employee, my Department and Division is: HPD/FAH
My supervisor's name is: F. Seribuyra    and his/her work number is: 281-230-6800 - 281-230-6839

---

[1]    Employee Misconduct is an act intentionally committed by a City employee, relating directly or indirectly to the employee's employment with the City, and violating a state or federal law, a City Ordinance, an Executive Order, or a Mayor's Policy.

FORM REVISED BY INSPECTOR GENERAL NOVEMBER 1, 2014



**EXHIBIT
6**

## EMPLOYEE RELATIONS FACILITATOR CHECKLIST

VITS No. _____    Date: 10\4\19    Time: 12:37

Name: _Inia Beall_    Employee No.: 096918    [ ] Phone  [X] Walk-In

| Sr.P.S.O. | Sr.P.S.O. | IAH | II | Fri & Sat |
|-----------|-----------|-----|----|-----------|
| Classification | Title | Division | Shift | Days Off |

Issue(s) Alleged: _Retaliation, Threat_

_(Please provide a brief description of the issue(s) in the space provided above)_

---

### SCOPE OF ISSUES

*Discrimination* in any form is strictly prohibited by the Houston Police Department for those classes protected by the Title VII of the Civil Rights Act of 1964 (as amended). Race, religion, sex, national origin, age, and certain other classes are protected under the statute. *Sex Discrimination* applies to both male and female employees and may be classified as **Gender Bias** or **Sexual Harassment**.

- *Gender Bias* occurs when an employee or a class of one gender is provided different, separate or special treatment from an employee of another gender.

- *Sexual Harassment* is identified as unwelcomed behavior such as sexual advances, requests for sexual favors and/or other verbal or physical conduct of a sexual nature. It is behavior designed to coerce or induce sexual favors from fellow employees. Sexual Harassment can be divided into three categories: Quid Pro Quo, Hostile Work Environment, or Retaliation.

  - *Quid Pro Quo* means "this for that" and occurs when submission or rejection of the harassing behavior is used as the basis for employment decisions.

  - *Hostile Work Environment* occurs when unwelcomed and threatening sexual advances (i.e., offensive sexual material or language, unwanted comments on one's anatomy, unwanted pressures for dates or for sex, and unwanted touching) unreasonably interferes with an individual's work performance or creates a hostile, intimidating or offensive work environment.

  - *Retaliation* occurs when a person makes a discrimination complaint and the responding party takes some adverse action against the initiating party (i.e., change days off, change shifts, lower performance rating/evaluation) in an attempt to punish the initiating party.

① SGT White

---

ADR ERS 001                                                      Revised 10/22/10

## PRELIMINARY QUESTIONS

Please check *YES or NO* for each question below. DO NOT LEAVE ANY QUESTION UNCHECKED.

1. ☒ YES  ☐ NO   Has there been unwelcomed physical contact by another employee that is offensive in nature, including ~~inappropriate touching,~~ assault, ~~impeding or blocking movement, or threats of physical violence,~~ directed at you?

2. ☐ YES  ☐ NO   Do you feel you are presently in danger of being subjected to ~~threats or physical~~ contact from any employee or person in the workplace?

3. ☐ YES  ☒ NO   Has there been unwelcomed flirtations, advances, leering, whistling, or propositions directed at you by any employee or person in the workplace?

4. ☐ YES  ☒ NO   Has there been verbal conduct that is discriminatory in nature such as epithets, slurs, negative stereotyping, derogatory or obscene comments, racial jokes, insulting comments or gestures, or other verbal abuse that is racial in nature directed at you or another?

5. ☒ YES  ☐ NO   Has any employee or supervisor treated you differently ~~in terms, conditions, or privileges of~~ employment ~~because of your race or national origin?~~

6. ☐ YES  ☒ NO   Has any employee displayed any written or graphic material(s) of a discriminatory nature?

7. ☒ YES  ☐ NO   Are you willing to mediate this issue?

8. ☒ YES  ☐ NO   Is there any reason, related to your allegations or complaint, why you cannot remain or return to work or any condition that may require the separation of the parties?

**Provide details for any yes answers here:** SR, BO. Felicia Mitchell continues to show Hostile attitude toward me.

See Statement (Typed)

See Statement

Please See Statement

_____  10/4/19      _____  10-4-19
Employee                  (Date)        ADR Facilitator            Date

ADR ERS 001                                                    Revised 10/22/10

*Received from SGT Esper - IAD on Jan, 17 2020 @ 10:22 Am. Called on Jan 13, 2019 for letter.*



# CITY OF HOUSTON

**Houston Police Department**
1200 Travis   Houston, Texas 77002-6000   713/308-1600

Sylvester Turner, Mayor

CITY COUNCIL MEMBERS:   Brenda Stardig   Jerry Davis   Ellen R. Cohen   Dwight A. Boykins   Dave Martin   Steve Le   Greg Travis   Karla Cisneros   Robert Gallegos
Mike Laster   · Martha Castex-Tatum   Mike Knox   David W. Robinson   Michael Kubosh   Amanda K. Edwards   Jack Christie   CITY CONTROLLER:   Chris B. Brown

December 9, 2019

Art Acevedo
Chief of Police..-



Ina L. Beall, Police Service Officer
Employee #96918
Airport (IAH) Division
Homeland Security Command

RE: 54513-2019

Police Service Officer Beall:

Pursuant to your complaint, a formal investigation by the Houston Police Department has concluded. This department classifies dispositions as follows:

**EXONERATED** - *Incident complained of occurred but was lawful and proper.*
**NOT SUSTAINED** - *Insufficient evidence to either prove or disprove the allegation.*
**SUSTAINED** - *Evidence is sufficient to prove the allegation.*
**UNFOUNDED** - *Allegation is false or not factual.*
**INFORMATION** *A general disposition used when the investigation is closed, with no further action to be taken.*

The Department's findings pertaining to your allegations are as follows:

Conduct and Behavior - Unfounded

Thank you for bringing this matter to our attention.

Sincerely,

H. R. Morris, Commander
Internal Affairs Division

