United States District Court
Southern District of Texas
**ENTERED**
March 29, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Ina Beall, *Plaintiff,* | § § § | |
| v. | § § | Civil Action H-22-979 |
| City of Houston and Sgt. Rene Calderon *Defendants.* | § § § § | |

## MEMORANDUM AND RECOMMENDATION

This case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF No. 25. Pending before the court are Defendant City of Houston's (the City) Motion to Dismiss, ECF No. 46, and Defendant Sergeant Rene Calderon's (Calderon) Motion to Dismiss, ECF No. 47. The court recommends that both motions to dismiss be **GRANTED**.

### 1. *Factual Background*

This is a workplace discrimination case. Plaintiff Ina Beall (Beall) has sued for violations of Title VII of the Civil Rights Act of 1964 (Title VII) and the Americans with Disabilities Act (ADA). Beall accuses Calderon of, among other things, favoritism, harassment, intimidation, disability-based discrimination, and retaliation. ECF No. 1 at 2, 8. According to Beall's Complaint and its attachments, Calderon was Beall's supervisor when the two worked together at the Houston Police Department (HPD), and Beall "endured this awful and terrifying ordeal from Rene Calderon from June 2015 to October 2019." *See id.* at 8, 22. Because the City and Calderon have moved to dismiss based on the statute of limitations and because Calderon cannot be held liable under Title VII or the ADA, the court need not discuss in detail the underlying facts from which this lawsuit arises.

On October 25, 2019, Beall filed with the United States Equal Employment Opportunity Commission (EEOC) a charge of discrimination against the City and alleged that Calderon retaliated against her and discriminated against her based on her disability. ECF No. 1 at 31. On August 6, 2021, the EEOC issued Beall a right-to-sue letter. *Id.* at 30. The letter advised Beall that, for any claim under Title VII or the ADA, "You may file a lawsuit against the respondent(s) [i.e., the City] under federal law based on this charge[.] . . . Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost." *Id.* at 30 (emphasis in original).

On October 25, 2021, Beall filed her first lawsuit based on Calderon's conduct, but that suit was filed only against HPD—not the City. *See Beall v. Hous. Police Dep't*, No. 4:21-cv-3501, ECF No. 1 (S.D. Tex. Oct. 25, 2021). On January 5, 2022, the court granted HPD's motion to dismiss after finding that HPD lacked the capacity to be sued. *Id.* at ECF No. 6 at 4. Beall did not seek leave to amend her complaint in that lawsuit and did not move for amendment, modification, or relief from the court's judgment. Instead, Beall started anew by filing the instant lawsuit on March 25, 2022. ECF No. 1.

### 2. *The City's Motion to Dismiss*

In the City's Rule 12(b)(6) Motion to Dismiss, it acknowledges that Beall's October 2021 lawsuit was timely filed, ECF No. 46 at 5, but the City argues that the instant lawsuit was filed long after the ninety-day filing deadline stated in Beall's right-to-sue letter. ECF No. 46 at 4. The City argues that Beall's claims against it should be dismissed with prejudice because: (1) the untimely instant lawsuit does not relate back to Beall's October 2021 lawsuit because relation back applies only to amended complaints; and (2) there is no basis for equitable tolling of Beall's filing deadline. *Id.* at 3–5.

Beall, who is proceeding pro se, has responded to both pending motions to dismiss. ECF Nos. 48–49. The court liberally construes pro se pleadings, *see Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019), and the court has carefully considered all of Beall's filings, including her initial and supplemental complaints, all attachments thereto, her miscellaneous filings and statements, and her responses to the pending motions. *See, e.g.*, ECF Nos. 1, 44–45, 48–49.

Under Rule 12(b)(6), the court determines whether the plaintiff's complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Calogero v. Shows, Cali & Walsh, L.L.P.*, 970 F.3d 576, 580 (5th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Courts accept "all well-pleaded facts as true" and "view[] them in the light most favorable to the plaintiff." *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 177 (5th Cir. 2018) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

### A. *The Instant Lawsuit is Untimely.*

Under Title VII and the ADA, a plaintiff must exhaust administrative remedies before filing suit in federal court. *Garcia v. Penske Logistics, L.L.C.*, 631 F. App'x 204, 207–08 (5th Cir. 2015). Exhaustion occurs when the plaintiff files a timely charge of discrimination with the EEOC and receives notice of the right

3

to sue. *Id.* (citing *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788–89 (5th Cir. 1996)). As stated in Beall's right-to-sue letter, a plaintiff suing under Title VII and the ADA "must file her civil suit within ninety days of receipt of a right-to-sue letter." *Id.* (citing 42 U.S.C. § 2000e-5(f)(1) (Title VII claims); *Dao*, 96 F.3d at 788–89 (5th Cir. 1996) (ADA claims)).

Here, Beall's right to sue letter was issued on August 6, 2021. ECF No. 1 at 30. Beall filed the instant lawsuit on March 25, 2022. The instant lawsuit was filed well beyond the ninety-day filing deadline and is therefore untimely.

### B. Equitable Tolling is Inapplicable.

The ninety-day filing requirement is not jurisdictional but is treated as a statute of limitations for all purposes. *Espinoza v. Mo. Pac. R.R. Co.*, 754 F.2d 1247, 1248 n.1 (5th Cir. 1985). The plaintiff bears the burden to demonstrate justification for equitable tolling of the limitations period, which should be applied "sparingly." *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011). The Fifth Circuit has recognized at least three bases for equitable tolling: (1) the pendency of a suit between the same parties in the wrong forum; (2) plaintiff's unawareness of the facts giving rise to the claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about the nature of her rights. *Id.* (citing *Wilson v. Sec'y, Dep't of Veterans Affairs*, 65 F.3d 402, 404 (5th Cir. 1995)).

Here, Beall has not pleaded any facts implicating the above circumstances justifying equitable tolling. Beall has also not argued that any of the above circumstances apply. Accordingly, equitable tolling is unavailable in this case.

### C. Relation Back in Inapplicable.

Under certain circumstances, Rule 15(c) allows an *amended* pleading to relate back to the date of the original pleading. *See*

Rule 15(c)(1). But the "original pleading" may not be a pleading filed in a different case. *Carter v. Tex. Dep't of Health*, 119 F. App'x 577, 581 (5th Cir. 2004) (collecting cases). Rule 15(c) "pertains only to pleadings within the same case." *Id.*

Beall concedes that, rather than amending her October 2021 complaint, she refiled her lawsuit. In her response to the motions to dismiss, Beall explains that "The first case was dismissed without prejudice. I discovered I could *re-file* my complaint after discovering I can not sue a department (Houston Police Department) within an entity (City of Houston) but I can sue the entity itself." ECF No. 48 at 1 (emphasis added). The court is sympathetic to Beall's situation, but there does not appear to be any wiggle room under the law. The complaint in this case is untimely, and it does not relate back to her timely-filed earlier lawsuit. The City's Motion to Dismiss should be granted.

### 3. *Calderon's Motion to Dismiss*

Calderon argues that Beall's claims should be dismissed with prejudice because he is not an "employer" under Title VII or the ADA.

Title VII makes it unlawful for any *employer* to "discriminate against any individual . . . because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). "Only 'employers,' not individuals acting in their individual capacity who do not otherwise meet the definition of 'employers,' can be liable under Title VII." *Grant v. Lone Star Co.*, 21 F.3d 649, 652 (5th Cir. 1994). A Title VII claim cannot be brought against both an employer and its employees in their official capacity, as such an action "would subject the employer to double liability, because 'a Title VII suit against an employee is actually a suit against the corporation.'" *Zeng v. Tex. Tech Univ. Health Sci. Ctr. at El Paso*, 836 F. App'x 203, 208 (5th Cir. 2020) (quoting *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999)).

5

Although the Fifth Circuit has not directly addressed whether an employer's agent or employee may be liable under the ADA, several courts, including the Seventh Circuit, have compared the text and purposes of Title VII and the ADA and held that individuals likewise cannot be held liable under the ADA. *See Iqbal v. City of Pasadena*, No. H-19-3608, 2020 WL 41107, at *5 (S.D. Tex. Jan. 24, 2020) (quoting *Franklin v. City of Slidell*, 936 F. Supp. 2d 691, 703 (E.D. La 2013)) (citing *U.S. E.E.O.C. v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1282 (7th Cir. 1995)).

Here, Calderon is an individual employee and cannot be held liable under Title VII or the ADA. Calderon's Motion to Dismiss should be granted.

### *4. Conclusion*

For the foregoing reasons, the court recommends that the City's Motion to Dismiss, ECF No. 46, and Calderon's Motion to Dismiss, ECF No. 47, be **GRANTED**. The court further recommends that all of Beall's claims be **DISMISSED WITH PREJUDICE**.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas on March 29, 2024.

Peter Bray
United States Magistrate Judge